UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
CIVIL ACTION NO: 4:20-CV-1064

MICHAEL BURFORD, and IAN CARROLL,                         PLAINTIFFS,
on behalf of themselves and all others similarly situated,

v.

AIR EVAC EMS, INC. D/B/A AIR EVAC LIFETEAM                DEFENDANT.

## COMPLAINT

Plaintiffs, Michael Burford ("Burford"), and Ian Carroll ("Carroll") on behalf of themselves and all others similarly situated, state the following Complaint against Defendant Air Evac EMS, Inc. doing business as Air Evac Lifeteam ("AEL"):

### JURISIDICTION AND VENUE

1. This action arises under Illinois Compiled Statute § 105/4a; West Virginia Code § 21-5C-3; and other relevant similar state overtime laws, which provides certain protections to employees to, *inter alia,* ensure proper payment of wages and compensation.

2. Plaintiff Burford is a resident of the State of Illinois, residing in Pittsburg, Illinois.

3. Plaintiff Carroll is a resident of the state of West Virginia, residing in Logan, West Virginia.

4. Defendant AEL is a Missouri corporation duly authorized to conduct business within the State of Missouri with its principal office in Saint Charles County, Missouri. Defendant AEL is duly authorized to conduct business in many other states, including Illinois, and West Virginia.

5. During relevant times herein, the plaintiffs and others were employed by Defendant within various states, including Illinois, and West Virginia.

6. Pursuant to relevant state laws, Defendant AEL was subject to the respective states' wage and hour laws.

7. The amount in controversy is well in excess of five million dollars ($5,000,000).

8. Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), venue is appropriate in this forum. 28 U.S.C. § 1332(d)(2). This action is equitably tolled back to the filing date of *Buchta v. Air Evac EMS, Inc.,* United States District Court for the Eastern District of Missouri, Civil Action No. 4:19-cv-00976, SRV.

## BACKGROUND FACTS
## RELEVANT TO ALL COUNTS

9. This is a representative action brought by Burford and Carroll on behalf of themselves and other similarly situated employees who are or were employed by AEL as non-exempt employees including, but not limited to, flight paramedics, flight nurses, pilots, and mechanics who performed work in either Illinois, and/or West Virginia.

10. Burford, Carroll, and other similarly situated employees employed by AEL were not properly compensated for overtime hours worked in violation of relevant laws including  Illinois Compiled Statute § 105/4a; and, West Virginia Code, § 21-5C-3.

11. Burford was formerly employed by AEL as a non-exempt employee and has performed work in Illinois.

12. Carroll was employed by AEL as a non-exempt employee and has performed work in West Virginia.

13. AEL employs non-exempt employees, to include flight paramedics, flight nurses, pilots, and mechanics at each of their locations.

14. Plaintiffs, and other non-exempt employees, are required to routinely work more than forty (40) hours per week for AEL.

15. Plaintiffs, and other non-exempt employees, were not compensated at one- and one-half times their regular rate for all hours worked over forty (40) in a week.

16. Instead, AEL initially utilized a policy which stated that employees would only be provided overtime premium pay for any hours worked in excess of one hundred twenty (120) per two (2) week pay period.

17. In 2014, AEL modified the policy to state, in relevant part, "this position is considered non-exempt, which means that you will be eligible for shift pay for worked hours in excess of 7 [twelve-hour] shifts per given pay period."

18. Plaintiffs and others similarly situated were required to work in excess of forty (40) hours per week, but were not provided overtime premium pay.

19. Compensation for work performed by Burford, Carroll, and other employees employed by AEL is subject to the provisions of laws including Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.

20. Compliance with state overtime laws did not impact AEL's rates, routes, or services.

21. Despite AEL's clear acknowledgement that its past practice violated state overtime laws, the company failed to compensate or otherwise provide back-pay owed to its current and former employees.

## REPRESENTATIVE ACTION ALLEGATIONS

22. Plaintiffs bring this action as a representative action on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by AEL as follows:

   a. Employees who performed work in Illinois between April 19, 2014 through July 8, 2018; and,

   b. Employees who performed work in West Virginia between April 19, 2014 through July 8, 2018.

23. Plaintiffs and all members of the putative class were subjected to the same unlawful pay practices, specifically the denial of overtime pay for work over forty (40) hours per week.

24. Plaintiffs believe that there are at least five hundred (500) members of the putative class throughout Illinois and West Virginia.

25. The putative class claims have a common legal interpretation and factual basis which can be resolved in a single class action.  Specifically, the common questions are: (1) Was AEL required to pay overtime in accordance with the wage and hour laws of Illinois and West Virginia, and (2) Did AEL properly pay overtime in accordance with laws including Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3?

## COUNT ONE:
## VIOLATIONS OF STATE WAGE & HOUR LAWS

26. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

27. Laws including 820 Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3, substantially set forth state wage and hours laws intended to protect employees and ensure that they are justly compensated.

28. Pursuant to laws including 820 Illinois Compiled Statute § 105/4a and West Virginia Code § 21-5C-3, AEL was required to provide compensation at one-and-one-half times their regular rate for all hours worked over forty (40) in a week.

29. AEL failed to provide proper overtime compensation to its employees, ignoring the requirements of laws including Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.

30. Plaintiffs and all other similarly situated individuals were not exempt from the overtime requirements imposed by laws including Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.[1]

31. AEL's actions of failing to pay Plaintiffs and the putative class members properly for all hours worked over forty (40) in a week at one-and-one-half times the individual's rate of pay constitutes a clear violation of laws including Illinois Compiled Statute § 105/4a; and West Virginia Code, § 21-5C-3.

32. Such action constitutes a failure to compensate the plaintiffs for their overtime hours which proximately caused them to suffer economic harm.

33. Pursuant to 820 Illinois Compiled Statute § 105/12(a)[2], the plaintiffs are entitled to recover "[i]n a civil action treble the amount of any such underpayments 9of

---

[1] *See, e.g., Day v. Air Methods Corporation,* No. CV 5: 17-183-DCR, 2017 WL 4781863, at *1 (E.D. Ky. Oct. 23, 2017), where the Eastern District of Kentucky held that an air medical ambulance service was required to follow the provisions of the Kentucky Wage and Hour Act, KRS Chapter 337.

[2] As amended February 19, 2019.

overtime) together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid" from AEL.

34. Pursuant to West Virginia Code, § 21-5C-8, the plaintiffs are entitled to compensatory damages, liquidated damages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT TWO:
## UNJUST ENRICHMENT

35. Plaintiffs adopt by reference all preceding and subsequent averments as fully restated herein.

36. Plaintiffs and all other similarly situated individuals are entitled to correct payment of wages.

37. AEL has been unjustly enriched by utilizing Plaintiffs and the putative class members' services without providing the required compensation earned by and owed to the them.

38. As a direct and proximate result of AEL's unjust enrichment, Plaintiffs and all others similarly situated have been damaged, in large part by fraud, in an amount which exceeds the jurisdictional minimum of this Court.

## CONCLUSION

**WHEREFORE**, the plaintiffs respectfully request that this Court:

A. Certify this action as a class action under Federal Rule of Civil Procedure 23;

B. Enter judgment against AEL, granting Plaintiffs and the putative class members all available damages to the fullest extent of the law;

C. Award costs herein expended including an award of reasonable attorneys' fees;

D. Trial by jury; and,

E. Provide such other legal and equitable relief to which they may be entitled.

          Respectfully Submitted,

          COWAN LAW OFFICE, PLC

          \s\ J. Robert Cowan
          J. Robert Cowan, Esq., #85325KY
          Joe Denger, Esq. #97648KY
          2401 Regency Road; Suite 300
          Lexington, Kentucky 40503
          Telephone: 859.523.8883
          Facsimile: 859.523.8885
          Email: kylaw@cowanlawky.com
          Email: jdenger@cowanlawky.com

          AND

          ARNOLD & MILLER, PLC

          \s\ Charles W. Arnold
          Charles W. Arnold, Esq., #01775KY
          Christopher D. Miller, Esq., #85521KY
          401 West Main Street; Suite 303
          Lexington, Kentucky 40507
          Telephone: 859.381.9999
          Facsimile: 859.389.6666
          Email: carnold@arnoldmillerlaw.com
          Email: cmiller@arnoldmillerlaw.com

          COUNSEL FOR PLAINTIFFS