# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BURFORD, et al. | ) |
| Plaintiff(s), | ) |
| v. | ) Case No. 4:20-cv-01064-SRC |
| AIR EVAC EMS, INC., d/b/a AIR EVAC LIFETEAM | ) |
| Defendant. | ) |

## Final Order and Judgment

This matter having come before the Court for consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Unopposed Motion for Approval of Attorneys' Fees and Expenses, due and adequate notice having been given to all Parties and the Settlement Class Members, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

1. Unless stated otherwise, all capitalized terms used in this Final Order and Judgment shall be defined and interpreted in accordance with the definitions in the Parties' Settlement Agreement.

2. The Court has read and considered the papers filed in support of Plaintiffs' Motions, including all exhibits thereto and supporting declarations. The Parties have provided the Court with sufficient information to enable it to determine whether to certify the Settlement Class and finally approve the Settlement.

3. The Court finds that it has jurisdiction over the subject matter of the Litigation and all claims raised therein, and has personal jurisdiction over all Parties to the Litigation, including all Settlement Class Members.

4. The Court preliminarily approved the Parties' Settlement Agreement in its Preliminary Approval Order dated January 14, 2021. Doc. 25. Pursuant to Federal Rule 23(c)(2), the Court's Preliminary Approval Order, and the Parties' plan for providing notice to the Settlement Class, the Settlement Class Members were notified of the terms of the proposed Settlement and of a final approval hearing to determine, *inter alia*, whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release and dismissal of the Released Claims against the Releasees.

5. The Court held a final approval hearing on May 4, 2021, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of or in opposition to the Settlement. Settlement Class members were notified of their right to retain an attorney and appear at the hearing in support of or in opposition to the proposed Settlement.

6. Pursuant to Federal Rule 23(a), (b)(3), and (e), and solely for purposes of settlement, the Court finally approves certification of the following Settlement Class:

> All persons listed on the Class Information excel spreadsheet, which includes all persons employed by Air Evac EMS, Inc. in the state of Illinois as a clinical employee (i.e. nurse or paramedic) or pilot or area mechanics at any time during the Class Period and who are owed overtime pay during the class period pursuant to the Settlement Agreement.

7. Based on the papers filed with the Court and the presentations made to the Court by the Parties at the final approval hearing (there were no opt outs or objections lodged by any class member), and pursuant to Federal Rule 23(e)(2), the Court now grants final approval to the Settlement and finds that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members, because: Plaintiffs and Class Counsel have adequately

and capably represented the Settlement Class; the Settlement Agreement was negotiated at arms-length between the Parties; the monetary relief provided for the Settlement Class constitutes adequate compensation, taking into account the risks that both sides faced with respect to the merits of the claims alleged and remedies requested, the costs, risks, and delay of trial and appeal, the hurdles involved in maintaining a class action, and the expense and duration of further litigation, as well as the other factors listed in Federal Rule 23(e)(2)(C); and the Settlement Agreement treats Settlement Class Members equitably relative to each other. Therefore, the Settlement is finally approved.

8. For settlement purposes only, the Court confirms the appointment of Plaintiff Michael Burford as Class Representative of the Settlement Class and the following counsel as Class Counsel:

Christopher D. Miller
Charles W. Arnold
ARNOLD & MILLER, PLC
121 Prosperous Place
Suite 6B
Lexington, KY 40509

and

J. Robert Cowan
COWAN LAW OFFICE, PLC
2401 Regency Road
Suite 300
Lexington, KY 40503

9. With respect to the Settlement Class, the Court finds, for settlement purposes only, that that the prerequisites to certification listed in Federal Rule of Civil Procedure 23 are satisfied, including numerosity, commonality, typicality, adequacy of representation, manageability of the Settlement Class for settlement purposes, predominance of common issues of law and fact over individualized issues, and superiority of settlement and certification of the Settlement Class

compared to alternative means of resolving the claims and disputes at issue in this case.

10. The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the notice given to the Settlement Class Members fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.

11. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly stated and shall have the full force of an order of this Court.

12. The Court enters judgment and dismisses the Litigation with prejudice, with each Party to bear its own fees and costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiffs' and all Settlement Class Members' claims against Defendant. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Releasees.

13. The Court adjudges that Plaintiffs and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees.

14. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-referenced release of the Released Claims will be binding on, and have preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely opt out

of the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, agents, and insurers, as set forth in the Settlement Agreement. The Releasees may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Plaintiffs and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Releasees.

16. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel in the amount of $89,151.00. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notices specifically and clearly advised the Settlement Class Members that Class Counsel would seek an award in the amount sought.

17. Neither this Final Order and Judgment, the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding as to the merits of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Releasees. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court as to the merits of the claims or defenses of the Parties or the Settlement Class Members.

18. Any outstanding objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is directed to enter this Final Order and Judgment and close the case.

19. The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

IT IS SO ORDERED.

DATED: May 14, 2021

_____
Stephen R. Clark
United States District Judge